IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br><br><br><br><br><br>    vs.<br><br><br>WILLIAM CLYDE PUMPHREY,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE PURSUANT TO VIOLATION OF SPEEDY TRIAL ACT<br><br><br><br>Case No. 2:11-CR-937 TS |

This matter is before the Court on Defendant William Clyde Pumphrey's Motion to

Dismiss with Prejudice Pursuant to Violation of Speedy Trial Act.  For the reasons discussed

below, the Court will grant Defendant's Motion to Dismiss, but will do so without prejudice.

## I.  BACKGROUND

On November 9, 2011, Defendant was charged with production of child pornography and

possession of child pornography.  Defendant appeared for an arraignment on January 30, 2012.

At that time, Defendant was appointed counsel from the office of the Federal Public Defender.

On February 2, 2012, Defendant's previously appointed counsel filed a motion to withdraw, citing an office conflict of interest.  On February 2, 2012, the Magistrate Judge granted the motion to withdraw and appointed new counsel.

On February 21, 2012, Defendant filed a motion for a competency evaluation.  Defendant was ordered to undergo a competency evaluation on February 24, 2012.

On December 5, 2012, the Magistrate Judge addressed a number of issues, including Defendant's request for new counsel.  Also at that time, the Magistrate Judge found Defendant competent to stand trial.  At that hearing, the Magistrate Judge ordered the government to prepare a proposed order excluding time under the Speedy Trial Act.  That order was never submitted and, on January 31, 2013, Defendant filed the instant Motion.

## II.  DISCUSSION

The Speedy Trial Act, 18 U.S.C. § 3161, requires "that a criminal trial commence within seventy days of the filing of the indictment or information or the defendant's appearance, whichever occurs last."[1]  However, certain periods of delay are excluded from computation under the Speedy Trial Act.   Specifically, periods of "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant" and "delay resulting from any pretrial motion, from the filing of the motion through the

---

[1]*United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009); *see also* 18 U.S.C. § 3161(c)(1) ("In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. . . .").

conclusion of the hearing on, or other prompt disposition of, such motion" are excluded from computation under the Act.[2]

The parties agree that the 70-day period set out in the Speedy Trial Act has been exceeded. "If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant."[3] The only question here is whether the Indictment should be dismissed with or without prejudice.

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.[4]

Additionally, "[p]rejudice to the defendant is among the 'other' factors the text of § 3162 directs the district court to consider."[5]

"A violation of the speedy trial requirement, by itself, is not a sufficient basis for dismissal with prejudice."[6] Rather, "[d]ismissals with prejudice 'should be reserved for more

---

[2]18 U.S.C. § 3161(h)(1)(A), (D).

[3]*Id*. § 3161(a)(2)

[4]*Id*.

[5]*United States v. Abdush-Shakur*, 465 F.3d 458, 462 (10th Cir. 2006); *see also United States v. Williams*, 511 F.3d 1044, 1059-60 (10th Cir. 2007) ("[I]n determining whether to dismiss the case with or without prejudice, the district court should consider the following non-exclusive factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; (3) the impact of a re-prosecution on the administration of the Act and on the administration of justice; and (4) prejudice to [the defendant].").

[6]*Abdush-Shakur*, 465 F.3d at 462.

egregious violations' of the Speedy Trial Act."[7]  Considering these factors, the Court finds that dismissal with prejudice is not warranted in this case.

A.     SERIOUSNESS OF THE OFFENSE

The Court begins by considering the seriousness of the offense.  "If the court determines the offense committed by the defendant is serious, this factor weighs in favor of dismissing without prejudice."[8]

As noted, Defendant is charged with production and possession of child pornography. There can be no doubt that these are serious offenses.  Production of child pornography carries a minimum mandatory sentence of 15 years with a potential maximum sentence of 30 years. Possession of child pornography carries a maximum sentence of 10 years.  Therefore, this factor weighs in favor of dismissal without prejudice.

B.     FACTS AND CIRCUMSTANCE WHICH LED TO DISMISSAL

The Court next considers the facts and circumstances leading to dismissal.  "In determining whether the facts and circumstances warrant dismissal with prejudice we focus on the culpability of the conduct that led to the delay."[9]  "Where the delay is the result of intentional dilatory conduct, or a pattern of neglect on the part of the Government, dismissal with prejudice

---

[7]*United States v. Larson*, 627 F.3d 1198, 1211 (10th Cir. 2010) (quoting *Abdush-Shakur*, 465 F.3d at 462); *see also United States v. Cano-Silva*, 402 F.3d 1031, 1035 (10th Cir. 2005) ("The fact that a violation has taken place is not alone sufficient for the application of the more severe sanction of dismissal with prejudice, which should be reserved for more egregious violations.").

[8]*United States v. Saltzman*, 984 F.2d 1087, 1092-93 (10th Cir. 1993).

[9]*Cano-Silva*, 402 F.3d at 1036.

is the appropriate remedy.  Conversely, '[a] defendant who waits passively while the time runs

has less claim to dismissal with prejudice than does a defendant who demands, but does not

receive, prompt attention.'"[10]

The facts and circumstances here reveal that the delay is not attributable to intentional

dilatory conduct or a pattern of neglect on the part of the government.  Indeed, Defendant "does

not assert, nor does the evidence suggest, any bad faith or misconduct on behalf of the

government in this case."[11]  Instead, the facts show that the government attempted to comply

with the Magistrate Judge's direction to submit a proposed order excluding time under the

Speedy Trial Act.  To this end, the government attempted to contact Defendant's counsel to find

an agreeable trial date.  Ultimately, the parties never reached an agreement and a motion

excluding time was never filed.  Defendant, however, did not invoke his right to a speedy trial

until after the time had run.

The Court finds that these circumstances weigh in favor of dismissal without prejudice.

While the Court is disappointed that the parties were not able to quickly agree to a new trial date,

and the government could have certainly acted with more diligence, there is nothing to suggest

intentional dilatory conduct or a pattern of neglect on the part of the Government.  Further, it

appears that Defendant waited passively until a violation of the Speedy Trial Act occurred before

---

[10]*Saltzman*, 984 F.2d at 1093-94 (quoting *United States v. Fountain*, 840 F.2d 509, 513 (7th Cir. 1988)).

[11]Docket No. 55, at 2.

asserting his right to a speedy trial.  Therefore, this factor weighs in favor of dismissal without prejudice.

C.    IMPACT OF REPROSECUTION

The Court must also consider the impact of a reprosecution on the administration of the Speedy Trial Act and the administration of justice.  "In determining whether a dismissal with or without prejudice serves the administration of the Speedy Trial Act and of justice, a court should consider, among other factors, whether the delay caused by the Government was intentional and the prejudice suffered by the defendant from the Act's violation."[12]

As is discussed above, the Court finds that the government did not intentionally cause the delay.  As will be discussed below, the Court finds that Defendant has failed to demonstrate any prejudice.

Defendant argues that dismissal without prejudice would render the Speedy Trial Act's provisions meaningless, and further argues that the legislative history of the Act suggests that dismissal without prejudice should be the exception, not the rule.  The Supreme Court, however, has rejected this argument, stating that "Congress did not intend any particular type of dismissal to serve as the presumptive remedy for a Speedy Trial Act violation."[13]  Rather, "the decision to dismiss with or without prejudice was left to the guided discretion of the district court, and that neither remedy was given priority."[14]  As a result, the Court was "unwilling to read such a

---

[12]*United States v. Williams*, 576 F.3d 1149, 1159 (10th Cir. 2009).

[13]*United States v. Taylor*, 487 U.S. 326, 334 (1988).

[14]*Id*.

6

preference into the statute, which evinces no presumptions."[15]  Therefore, this factor weighs in favor of dismissal without prejudice.

D.      PREJUDICE TO DEFENDANT

Finally, the Court considers any prejudice to Defendant.  "The defendant has a burden under the Act to show specific prejudice other than that occasioned by the original filing."[16]  The Tenth Circuit has stated that "[a]bsent a showing of appreciable prejudice to the defendant, a district court generally should dismiss serious charges without prejudice under § 3162(a)(2) unless the delay is extended and attributable to 'intentional dilatory conduct, or a pattern of neglect on the part of the Government.'"[17]

In this case, Defendant has pointed to no specific prejudice and it is difficult to imagine any exists.  The violation here is not egregious.  Further, the government's brief indicates that defense counsel would not have been prepared to go to trial until April or May in any event, thus negating any argument that this case has gone on longer than necessary.  Finally, Defendant is currently serving a 120 month sentence for a prior offense.  Therefore, he cannot claim prejudice due to his incarceration.

Defendant does point to the fact that the allegations occurred in 2008 and 2009, but that he was not indicted until late 2011.  Defendant further relates that he has had difficulty obtaining

---

[15]*Id*. at 334 n.8; *see also Saltzman*, 984 F.2d at 1092 (finding that "[t]he district court erred in interpreting from the legislative history that a dismissal without prejudice is only available in 'exceptional circumstances'").

[16]*Saltzman*, 984 F.2d at 1095.

[17]*United States v. Rushin*, 642 F.3d 1299, 1304 (10th Cir. 2011).

7

appropriate medication while he has been incarcerated.  While the Court is sympathetic, Defendant has failed to show any appreciable prejudice as a result of the delay.  Therefore, the Court finds that Defendant has failed to show prejudice and that this factor weighs in favor of dismissal without prejudice.

Based on a consideration of all of the factors, the Court finds that dismissal without prejudice is appropriate.  Those cases cited by Defendant in his Motion do not alter this conclusion.  Therefore, the Court will grant the Motion to Dismiss, but will do so without prejudice.

III.  CONCLUSION

It is therefore

ORDERED that Defendant's  Motion to Dismiss with Prejudice Pursuant to Violation of Speedy Trial Act (Docket No. 47) is GRANTED IN PART AND DENIED IN PART.  The Court will dismiss the Indictment, but will do so without prejudice.

The hearing set for April 4, 2013, is STRICKEN.  The Clerk of the Court is directed to close this case forthwith.

DATED   March 18, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge